MOORE, Judge.
On application for rehearing in case no. 2080591, G.P. (“the grandmother”) argues that this court misapprehended her appellate argument. The grandmother maintains that she intended to appeal the denial of her petition for custody and not the termination of the parents’ parental rights to A.P. (“the child”) and that this court misinterpreted her argument as an attack on the termination of the parents’ parental rights. On application for rehearing in case no. 2080606, D.S. (“the father”) argues again that the trial court erred in terminating his parental rights.
As to the father’s application for rehearing, we have reviewed it thoroughly and we are convinced that the father merely makes the same arguments that he advanced in his brief on original submission; those arguments have already been addressed thoroughly and correctly in our opinion on original submission. For that reason, we overrule his application for rehearing. See Willis v. Atlanta Cas. Co., 801 So.2d 837, 838 (Ala.2001) (Johnstone, J., concurring specially to overrule an application for rehearing when it was “simply *121 an earnest reiteration of the appellant’s original brief’). .
As to the grandmother’s application for rehearing, we note the following pertinent facts. The juvenile court found the child dependent and awarded custody of the child to the Houston County Department of Human Resources (“DHR”) on May 16, 2007. On May 8, 2008, the juvenile court entered a permanency order, which does not appear in the record. The grandmother filed a petition seeking custody of the child on June 19, 2008.[1] DHR filed a petition to terminate the parental rights of D.Y. (“the mother”) and the father on July 8, 2008. The juvenile court set the grandmother’s custody petition for trial on September 11, 2008, and set DHR’s termination-of-parental-rights petition for trial on September 25, 2008. DHR then moved the juvenile court to consolidate the custody hearing with the termination-of-parental-rights hearing. The juvenile court apparently granted that motion. The juvenile court then continued the trial of the petitions on several occasions. Following a trial on March 17, 2009, the juvenile court entered a judgment terminating the parental rights of the mother and the father and awarding custody of the child to the State Department of Human Resources. That judgment effectively denied the grandmother’s petition for custody.
The grandmother filed a notice of appeal with the juvenile court on March 26, 2009. In her notice of appeal, the grandmother indicated that she would be arguing two issues: (1) “whether [the grandmother] was a viable relative resource for [the child] sufficient to warrant denial of termination of parental rights” and (2) “whether the [juvenile] court abused its discretion in denying [the grandmother’s] petition for custody of [the child].” However, in her appellate brief to this court the grandmother set out only one issue in her “Statement of Issues”: “whether the [juvenile] court erred to reversal in finding there exists no viable alternatives to the permanent termination of parental rights.” In the “Standard of Review” section of her brief on original submission, the grandmother set out the appellate review standards applicable to judgments terminating parental rights. The grandmother then argued that the record did not contain clear and convincing evidence of the dependency of the child and of a lack of viable alternatives, the standard for terminating parental rights. See Ex parte Beasley, 564 So.2d 950 (Ala.1990).
In her brief on original submission, the grandmother argued under the “Dependency” portion of her brief as follows:
“Under this specific set of facts, the [juvenile] court’s decision to terminate the Father’s parental rights was premature, considering the evidence indicating that the Father, since he was made aware of [the child’s] foster care placement, has made a continuing effort to change his circumstances, all without any direction or efforts on [DHR’s] behalf, at the time of the termination hearings.”
The grandmother then asserted in a section of her argument entitled “A Viable Alternative Exists” that
“[e]ven if this Honorable Court determines the [juvenile] court did not error [sic] in finding [the child] dependent at the time of disposition, [the grandmother] avers that the [juvenile] court erred in determining no viable alternative ex *122 ists thus, issuing an Order of Termination which fails the second prong of the test.”
Based on our reading of the grandmother’s brief on original submission, we concluded that the grandmother had argued the propriety of the judgment terminating parental rights but that she had not argued “that the juvenile court erred in denying her petition for custody.” G.P. v. Houston County Dep’t of Human Res., 42 So.3d 112, 118 (Ala.Civ.App.2009). We, therefore, dismissed the appeal for lack of standing under the authority of D.M. v. Walker County Department of Human Resources, 919 So.2d 1197 (Ala.Civ.App.2005). 42 So.3d at 118.
In her application for rehearing, the grandmother
“contends that she presented the issue of the denial of her custody petition through her argument that she was not found a viable alternative to termination. Quite candidly, had she, a relative resource who petitioned for custody, been GRANTED custody, there would have been no termination of parental rights. The content of her appeal clearly appeals the ruling that denied her custody petition. [The grandmother] takes exception that her appeal has been dismissed.”
In essence, the grandmother argues that, by treating her argument on viable alternatives as an attack on the propriety of the judgment terminating the parental rights of the mother and the father, this court overlooked or misapprehended her argument that the juvenile court erred in denying her custody petition. See Rule 40(b), Aa. R.App. P. (stating that the brief on application for rehearing “must state with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended”).
After carefully reviewing the original brief filed by the grandmother, we are not convinced that we overlooked or misapprehended her argument. We disagree with the grandmother that an argument that the juvenile court should not have terminated the parents’ parental rights because of the existence of a viable alternative is tantamount to an argument that the juvenile court erred in denying a petition for custody filed by a party other than a parent.
A parent has a fundamental constitutional right to the care, custody, and control of his or her child, which the government cannot extinguish unless required to protect a compelling governmental interest and unless “less drastic measures would be unavailing.” Roe v. Conn, 417 F.Supp. 769, 779 (M.D.Ala.1976). Hence, before terminating parental rights, the government must prove by clear and convincing evidence, among other things, that all less drastic alternatives to termination of parental rights have been explored and are not viable. See Ex parte Beasley, supra. One alternative that must be considered is whether placing the child with a fit and suitable relative qualified to receive and care for the child without terminating parental rights would serve the best interests of the child. See A.D.B.H. v. Houston County Dep’t of Human Res., 1 So.3d 53, 62 (Aa.Civ.App.2008). If the juvenile court, in terminating parental rights,-rejects that alternative without sufficient evidence, then the affected parent would have grounds for appeal in order to protect that violation of his or her due-process rights. Hence, any argument that the record does not contain clear and convincing evidence indicating that no viable alternatives to termination of parental rights exist cannot be raised by an appellant whose due-process rights are not at *123 stake. See D.M. v. Walker County Dep’t of Human Res., supra.
A relative seeking custody of a dependent child has no vested right, constitutional or otherwise, to the child; rather, a relative may obtain custody of a dependent child only by proving that he or she is suitable, fit, and qualified to receive and care for the child and that the best interests of the child would be served by awarding custody of the child to the relative. See J.B. v. Cleburne County Dep’t of Human Res., 991 So.2d 273, 282-83 (Ala.Civ.App.2008). Naturally, a relative may appeal a judgment rejecting his or her petition for custody of a child on the ground of insufficiency of the evidence supporting that judgment. See, e.g., B.H. v. Marion County Dep’t of Human Res., 998 So.2d 475 (Ala.Civ.App.2008). That appeal would concern solely whether the record contains sufficient evidence to support a finding that the relative is unfit, a finding that the relative is unqualified to receive and care for the child, or a finding that the best interests of the child would not be served by placement with the relative; however, that appeal would not implicate the parent’s constitutional right to exhaustion of all alternatives less drastic than termination of parental rights. Id.
In some cases, the evidence relating to viable alternatives and relative custody may overlap. For example, evidence indicating that a relative is unsuitable, unfit, or unqualified to receive and care for a child would support both a finding that placement with the petitioning relative is not a viable option to termination of parental rights and that the best interests of the child would not be served by placing the child with the petitioning relative. However, the two issues are not coextensive. Contrary to the argument of the grandmother in her application for rehearing, a finding that the best interests of the child would be served by placing custody in the petitioning relative does not necessarily mean that a viable alternative exists preventing the termination of parental rights. Therefore, an argument that the juvenile court erred in finding that all viable alternatives have been exhausted does not equate to an argument that the juvenile court erred in rejecting a custody petition.
In her notice of appeal, the grandmother recognized the distinction between the issue relating to the termination of the parents’ parental rights to the child and the issue relating to the rejection of the grandmother’s custody petition. Nevertheless, the grandmother elected to brief only the former issue. Accordingly, we conclude that we did not err in dismissing her appeal on original submission, and we overrule her application for rehearing. In doing so, we note that, even had the grandmother made the appropriate arguments, we still would have affirmed the judgment of the juvenile court because sufficient evidence supported the implied finding that the best interests of the child would not have been served by placing custody of the child with the grandmother.
2080591 — APPLICATION FOR REHEARING OVERRULED.
2080606 — APPLICATION FOR REHEARING OVERRULED.
THOMPSON, P.J, and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Our opinion on original submission erroneously states that the grandmother filed her custody petition on September 11, 2008.